[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Bella Vista Condominium Association, Inc. filed a foreclosure action against the defendant, Benjamin Gyadu, in 1994. The relevant facts arise after the defendant's appeal of the original foreclosure judgment was dismissed and all appellate procedures including a writ of certiorari to the U.S. Supreme Court were exhausted.
Prior to the assignment of new law days, the defendant filed a petition for removal in the United States District Court on March 20, 2001. The defendant also filed a motion for leave to proceed in forma pauperis which was denied. On May 29, 2001, the defendant filed a motion for reconsideration of the denial of his motion for leave to proceed in forma pauperis. The court denied this motion on June 18, 2001. On July 10, 2001, the defendant filed a notice of appeal. A motion for leave to proceed in forma pauperis, filed at that time, was granted on July 24, 2001, and the defendant filed his appeal with the United States Court of Appeals for the Second Circuit.
On July 23, 2001, the plaintiff filed a motion to reopen judgment of strict foreclosure and set new law days. This court granted plaintiff's motion on August 6, 2001, and ordered the law days to commence on August 28, 2001. At the same time, a motion for extension of time and a motion for stay filed by the defendant were denied. The defendant filed another motion to stay on August 10, 2001, and he filed a motion to set aside on August 21, 2001. On August 27, 2001, the parties were heard by this court with respect to the motion to stay, motion to set aside and a previously CT Page 14949 filed motion "for relief of judgment". These motions were denied in open court. The defendant also filed, in the Federal District Court, two motions to stay the state court proceedings. Both motions were denied on August 20, 2001. On August 21, 2001, the defendant again filed a motion for leave to proceed in forma pauperis to remove the state court action. On August 27, 2001, the motion was denied. The parties' next appeared before this court on August 28, 2001, when they were advised of the District Court ruling after an inquiry by the Clerk's Office. This court let the August 27th rulings stand. On August 28, 2001, the defendant filed a motion for temporary injunction to "keep the law days from running." This court denied the motion on September 7, 2001. On September 12, 2001, the defendant filed a motion to set aside the August 27, 2001 orders, denying his motion for relief from judgment, motion to set aside and motion for stay. In support of his motion to set aside, the defendant argues that, under 28 U.S.C. § 1446 (d), the state court lacked jurisdiction when it denied his motions on August 27, 2001, because all state court action should have been suspended pending resolution by the federal court of his motion for removal to that court. A motion to reargue this court's August 27, 2001 ruling was filed on September 14, 2001.
The defendant bases his claim that this court lacked jurisdiction on two grounds. First, he argues that the issue of removal is left unresolved pending his appeal to the Second Circuit of the denial of his first petition to proceed in forma pauperis. Second, he argues that he did not receive formal notice of the denial of his second petition until August 31, 2001, and therefore, state court proceedings were stayed at least until August 31, 2001.
Whether state proceedings are stayed depends upon the filing of the petition for removal in Federal District Court and the subsequent notice to the state court. The institution of a civil action in federal court, "whether by original process, removal, or otherwise" requires the party instituting the action to pay a filing fee of $150 (28 U.S.C. § 1914
(a)). In lieu of payment of the requisite fee, the defendant filed a petition to proceed in forma pauperis. If granted, it may be assumed that the petition for removal would be considered filed.
In this matter, a petition to proceed in forma pauperis was denied on two occasions. Without a filing fee, or permission to proceed in forma pauperis, the petition for removal was not effectively filed. Consequently, there was no stay in effect to prevent the state court action from proceeding as scheduled.
The defendant's argument with respect to the formality of notice fails because there was no stay in effect. CT Page 14950
Since this court had jurisdiction when it denied the defendant's motions on August 27, 2001, and there was no order staying the state proceedings or preventing the law days from running as scheduled, the defendant's motion to set aside the orders is denied as moot. The defendant's motion to reargue is denied.
THOMAS G. WEST, J.